UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**EDWARD MARCINIAK,**

    **Plaintiff,**

v.                                                                    Case No.:

**WALMART, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, EDWARD MARCINIAK, by and through Plaintiff's undersigned counsel, hereby brings this action against Defendant, WALMART, INC., and states:

## NATURE OF THE CLAIMS

1. This is an action for damages exceeding $15,000.00 for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 et seq., and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3. Venue is proper in the Middle District of Florida, because Defendant operates its facilities for business in this district.

## THE PARTIES

4. At all times material hereto, Plaintiff was a resident of the State of Florida.

5. At all times material hereto Defendant transacted business and performed services in this Judicial District.

1

## GENERAL ALLECTIONS

6. This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA, ADA, FCRA, and retaliated against Plaintiff for attempting to exercise these same rights.

7. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA, employing fifty (50) or more employees within a seventy five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or preceding year.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

12. Plaintiff has satisfied all conditions precedent, or they have been waived.

13. Plaintiff requests a jury trial for all issues so triable.

## STATEMENT OF FACTS

14. Plaintiff began working for Defendant on or around November 1994 as an assistant manager. Plaintiff continued working for Defendant in various roles for twenty-four (24) years and was promoted and serving as district manager until his termination in October 2018.

15. While employed with Defendant, Plaintiff satisfactorily performed the job requirements of his position.

16. Plaintiff was eligible for FMLA leave.

17. On or around October 2018, Plaintiff suffered from a medical condition that qualified as a serious health condition within the meaning of the FMLA. Further, Plaintiff's wife suffered from a condition that qualified as a serious health condition within the meaning of the FMLA.

18. During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited his ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited his ability to perform one or more major life activities.

19. During Plaintiff's employment with Defendant, Plaintiff's wife suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff's wife had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

20. Specifically, Plaintiff suffered from high blood pressure and anxiety. Plaintiff's wife suffered from complications from gall bladder surgery.

21. At all times material hereto, Plaintiff could perform the essential functions of his job with Defendant with or without accommodation.

22. Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

23. Plaintiff's disability also qualified as a handicap under the FCRA, and as such, Plaintiff is a member of a protected class under the FCRA.

24. On or about October 5, 2018, Plaintiff requested FMLA leave through Sedgwick. Plaintiff also spoke to the regional manager, Marvin Balduff on October, 5, 2018, about his medical condition and request for leave.

25. Marvin Balduff refused to engage in interactive discussion regarding Plaintiff's request for accommodation.

26. Specifically, Regional Manager Marvin Balduff told Plaintiff that he "didn't care about his leave and that he isn't going to approve anything."

27. Plaintiff had only requested leave once before during his twenty-four (24) years of employment with Defendant.

28. Plaintiff was terminated on or about October 8, 2018, as a result of his serious health conditions, for attempting to exercise his rights under the FMLA, because of Plaintiff's disability, his wife's disability, and/or in retaliation for his request for a reasonable accommodation.

## COUNT I – FMLA INTERFERENCE

29. Plaintiff re-alleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Plaintiff exercised his FMLA rights and Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(1).

31. Defendant's actions were willful and done with malice.

32. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

    d)    An injunction restraining continued violation of the FMLA;

    e)    Compensation for lost wages, benefits, and other remuneration;

    f)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

    g)    Front pay;

    h)    Liquidated Damages;

    i)    Prejudgment interest on all monetary recovery obtained;

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as the Court deems just and equitable.

## **COUNT II – FMLA RETALIATION**

33.    Plaintiff re-alleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

34.    At all times relevant to the facts alleged in this Complaint, Plaintiff and Plaintiff's wife suffered from one or more serious health conditions pursuant to the FMLA.

35.    Plaintiff exercised his rights under the FMLA.

36. Defendant retaliated against Plaintiff for attempting to exercise his FMLA rights, including but not limited to Plaintiff's termination.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) The Court enter a judgment that Defendant interfered with Plaintiff's rights in violation of the FMLA;

d) An injunction restraining continued violation of the FMLA;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. Section 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

g) Front pay;

h) Liquidated Damages;

i) Prejudgment interest on all monetary recovery obtained;

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as the Court deems just and equitable.

## COUNT III –ADA VIOLATION
## (DISABILITY DISCRIMINATION)

39. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under the ADA.

41. Plaintiff was subjected to disparate treatment by Defendant on the basis of his disability, and/or perceived disability.

42. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation.

43. Defendant's actions were willful and done with malice.

44. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter an injunction restraining continued violation of the ADA;

    d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)    Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

    f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

### COUNT IV—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

45. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

46. Plaintiff is disabled, or was perceived by Defendant as being disabled.

47. Defendant failed to provide Plaintiff with a reasonable accommodation for his disability, and shortly thereafter terminated his employment.

48. Defendant's actions were willful and done with malice.

49. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issues and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of law enumerated herein;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT V – ADA RETALIATION

50. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

51. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

52. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

53. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

54. Defendant's actions were willful and done with malice.

55. The adverse employment action that Defendant took against Plaintiff was material.

56. Plaintiff was injured due to Defendant's violations of the ADA, for which he is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)   Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)   Punitive damages;

j)   Prejudgment interest on all monetary recovery obtained.

k)   All costs and attorney's fees incurred in prosecuting these claims; and

l)   For such further relief as this Court deems just and equitable.

### COUNT VI – ADA VIOLATION
### (ASSOCIATIONAL DISABILITY DISCRIMINATION)

57.   Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

58.   Plaintiff's wife is a member of a protected class under the ADA.

59.   Plaintiff was subjected to disparate treatment by Defendant on the basis of his wife's disability, and/or perceived disability.

60.   Specifically, Defendant terminated Plaintiff on the basis of his relationship with his wife, an individual with a disability.

61.   Defendant's actions were willful and done with malice. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  That this Court enter an injunction restraining continued violation of the ADA;

d)  Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

e)  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

f)  Reinstatement of Plaintiff's full fringe benefits and seniority rights;

g)  Any other compensatory damages, including emotional distress, allowable at law;

h)  Punitive damages;

i)  Prejudgment interest on all monetary recovery obtained;

j)  All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.

### COUNT VII – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA.

64. Plaintiff was subjected to disparate treatment on the basis of handicap, disability, and/or perceived handicap/disability.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

11

*WHEREFORE*, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensation for lost wages, benefits, and other remuneration;

d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e) Any other compensatory damages, including emotional distress, allowable at law;

f) Punitive damages;

g) Prejudgment interest on all monetary recovery obtained.

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## COUNT VIII—FCRA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

67. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

68. Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

69. Defendant failed to provide Plaintiff with a reasonable accommodation for handicap, and shortly thereafter, terminated Plaintiff's employment.

70. Defendant's actions were willful and done with malice.

71. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of the law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## COUNT IX – FCRA RETALIATION

72. Plaintiff realleges and readopts the allegations of paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

73. Plaintiff is a member of a protected class under the FCRA.

74. Plaintiff engaged in protected activity under the FCRA by requesting an accommodation.

75. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

76. Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of Plaintiff's job with Defendant.

77. Defendant's actions were willful and done with malice.

78. Defendant took material adverse action against Plaintiff.

79. Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

DATED this 18th day of September, 2019.

>Respectfully submitted,
>
>/s/Brandon J. Hill
>**BRANDON J. HILL**
>Florida Bar Number: 0037061
>**WENZEL FENTON CABASSA, P.A.**
>1110 North Florida Ave., Suite 300
>Tampa, Florida 33602
>Direct: 813-337-7992
>Main: 813-224-0431
>Facsimile: 813-229-8712
>Email: bhill@wfclaw.com
>Email: jcornell@wfclaw.com
>Email: rcooke@wfclaw.com
>**Attorney for Plaintiffs**